No. 9360.

THE ANTERO AND LOST PARK RESERVOIR CO., ET AL. *v.* LOWE, ET AL.

No. 9363.

LOWE, ET AL. *v.* THE ANTERO AND LOST PARK RESERVOIR CO., ET AL.

Decided December 5, 1921.

Motion to re-tax costs.  Items re-taxed.

1.  COSTS—*Authority For.*  Costs, strictly so called, are not originally a matter of common law, but of statute or rule of court.

2.  *In Appellate Court—Transcript of Record—Bill of Exceptions.* The successful plaintiff in error may recover any costs properly taxable, including the cost of transcript of record, but not that of the bill of exceptions.

3.  *Cost of Printing Abstract.*  Supreme court rule 50 of 1920, concerning the cost of printing abstracts, construed and applied.

4.  *To Whom Taxable.*  Costs considered and taxed to such parties as in the opinion of the court the merits of the controversy require.

Reporter's Note.  For costs taxable in Supreme Court, see new court rule 50, applicable to cases in which judgment is entered in the trial court after November 23, 1921.

Messrs. HUGHES & DORSEY and Mr. C. H. PIERCE, for intervenors.

Mr. RICE W. MEANS, for F. L. Lucas.

Mr. L. F. TWITCHELL and Mr. PAUL M. CLARK, for the Antero Company, et al.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE suit was brought in the district court of Adams

county by Lowe, et al., taxpayers of the Denver Municipal Irrigation District against the Antero Land Company, et al., on behalf of themselves and others similarly situated, to enforce specific performance of a contract between the Irrigation District and Fred L. Lucas. The principal defendants were The Antero and Lost Park Reservoir Company and Lucas. Pierce, et al., intervened on behalf of themselves and others similarly situated, claiming an interest in the subject of the litigation. The claims of the intervenors were allowed, and those of the plaintiffs and Lucas were denied in the court below. Lucas had aligned himself with the plaintiffs, but he had judgment below for his costs against the Antero & Lost Park Reservoir Company.

Two writs of error were sued out, one by the plaintiffs below and Lucas, joining as plaintiffs in error, which is here as No. 9363 and one by the Antero & Lost Park Reservoir Company, et al., which is here No. 9360. The trials of the two writs of error were consolidated in this court, and by agreement between Lucas and the Antero & Lost Park Reservoir Company, one record was furnished by the two. This court rendered judgment in favor of the Antero Company and the others who joined with it in the writ of error in 9360, and against the defendants in error in that case, which included the intervenors, the plaintiffs below, and Lucas, for the full amount of the costs.

Costs in this case were taxed in the usual way, the transcript and bill of exceptions according to the statute concerning fees and salaries, 20 cents per folio, and the abstract of record according to the Rule 50, $1 per page. The total amounts to about $13,000. Lucas moved for a retaxation, claiming that the judgment for the full amount ought not to be rendered against him, because, he said, he had an agreement with the Antero company to divide the expense of furnishing a record and abstract here, and that he actually paid more than half of it. It is itemized as follows:

Transcript of record 2,349 fols at 20¢..........$  469.80
Bill of Exceptions, 38,184 fols at 20¢............ 7,636.80
Clerk's Certificate thereto ..................... .60
Abstract of Record, 4796 pp at 1.00............ 4,796.00
Clerical costs as prescribed by rule............. 20.00

                                                     12,923.20

Upon Lucas' motion we were of the opinion that by Rule 50 and the practice of this court the successful party here might recover his costs from the unsuccessful party, and that the Antero company was the successful party, and might recover its costs; that the plaintiffs below, the intervenors and Lucas, were the unsuccessful parties, and the judgment must go against them.   The Antero company, however, could not justly recover the full amount of the costs, but only one-half thereof, because it furnished but half the record and abstract; Lucas furnished the other half.

There was a dispute between Lucas and the Antero company as to the amounts and purposes of their respective expenses under their agreement, but we declined to enter into that dispute here or try the questions between them.

We ordered that judgment in this court for costs go against Lucas and the plaintiffs below and the intervenors for one-half the costs here taxed and that they have execution therefor; that the money be paid into this court and held until the respective rights of the Antero company and Lucas have been adjusted by litigation or otherwise, and until the further order of the court.

The intervenors now move for another re-taxation, and argue several points which we notice *seriatim.*

1.   We agree that costs, strictly so-called, are not originally a matter of common law but of statute or rule of court.

2.   On behalf of the intervenors it is claimed that a plaintiff in error cannot, under the present statutes and rules, recover costs, because there is no statute or rule to permit it.   They cite § 1072 R. S. 1908, and urge that this

provides for costs for defendant in error only and not for a successful plaintiff in error and only in case of affirmance, not reversal.

We have examined the records of this court and find a uniform practice since its organization to tax costs in favor of the successful appellant or plaintiff in error. This was perhaps done under § 4 of the Act of 1861, concerning costs, now § 1055 R. S. 1908, perhaps under the English statutes, beginning with statute of Gloucester, 6 Ed. I Ch. 1, and other statutes which have been the law here since 1861, 5 En. Pl. & Pr. 108. See also, 1 Colo. xix, rules X and XVII and Rules 50, 51 and 27 of 1920.

We are of the opinion that the long practice of this court should not lightly be changed, and amounts to a construction of the statutes, and that thereunder the successful plaintiff in error may recover any costs properly taxable.

3. It is claimed that the transcript of record is not a proper matter to be taxed, but what has been said above shows that we must regard it as proper. It has always been customary to tax it.

4. It is claimed that the bill of exceptions is not a proper matter for taxation. Upon this point there is grave question. The bill of exceptions was formerly transcribed with the rest of the record below and the cost of the transcript was taxed as costs of this court. By the Code of 1887, however, § 392, it was permitted to bring up to this court the original bill of exceptions, since which time the transcript proper of the record below, has, of course, not included it. We have discovered, however, from the examination of the old records of this court, in which we were aided by the clerk and his deputies, that the transcript, at so much per folio, *including* the original bill of exceptions, has been taxed against the losing defendant in error or appellee exactly as before the Act of 1887, every plaintiff in error thus recovering as costs something that he has not paid out. The present clerks have been following that custom, they having in their minds the theory that it was re-imbursing the plaintiff in error for the pay-

ments made to the reporter of the court below for the preparation of the bill. This practice is justified by no statute or rule of court that we have been able to find, but it has been the constant and uniform practice of this court from 1887 to the present time. For some years the bill of exceptions was not separately taxed but was included with the transcript of record, and in *Phillips v. Corbin,* 25 Colo. 567, 56 Pac. 180, decided in 1898, a bill of costs including the costs for the transcript of the bill of exceptions, the original of which bill and not a transcript was sent to this court, was expressly approved; but we cannot find that the question now before us was then raised by counsel or considered by the court.

A majority of the court think that we cannot sustain this practice, since it is supported by no statute or rule and is evidently contrary to the intent of the above cited section of the Code of 1887. We cannot, therefore, allow the costs of the bill of exceptions.

5. The item of printing the abstract in this case amounts to $4796, half of which under our former order we required to be paid to the Antero and Lost Park Reservoir Company, plaintiff in error in 9360. The intervenors, however, say that the rule requires a taxation of $1 per page, "unless otherwise ordered"—and they ask us to "otherwise order"—and say that the Antero company is shown by affidavits to have actually paid for the printing but $1400, and that therefore that is all they ought to be allowed for that item.

One dollar per page allowed by the rule is the ordinary price for a small abstract and doubtless the words "unless otherwise ordered" were used in contemplation of the fact that in some cases, more especially in cases of very large abstracts, a substantial reduction of this price of $1 per page can be and usually is obtained. The statutes and rules allowing recovery of costs are not intended to afford the successful party an opportunity to profit by his venture into further litigation, but to re-imburse him for the out-

lay which it is considered has been caused by the unsuccessful party.

It is claimed that the abstract in reality costs him much more than the printer's fee, but the answer to that is that the rule provides for a printer's fee, and is intended to cover that and nothing more.

6.    There is a serious dispute as to who should be charged with the costs of this case.    There are four groups of parties: First, a considerable number who are named, but who were discharged by the court below, or are merely nominal parties.    We will give them no further consideration.    Second, the Antero Company.    Third, Lucas and the plaintiffs below with whom he aligned himself, which will be referred to as Lucas.    Fourth, the intervenors.

The two cases in this court were consolidated and heard together on one record.    But one order was made with reference to the judgment below, and that was that it be reversed and the case dismissed.    This was a substantial victory for the Antero company; it was a substantial and complete defeat for the intervenors, and for Lucas, also, because, while nominally he and his associates won the victory, obtaining a reversal on the writ of error, they actually lost all that they claimed by their briefs and arguments here and all that they sought to maintain by their writ of error. These were the considerations that led us to require Lucas and the intervenors to pay to the Antero company the costs which it is entitled to recover, and we think that decision was right.

But the intervenors in argument consider our former order as equivalent to a judgment in Lucas' favor against them for costs.    We do not so regard it.    It is true, as shown above, that Lucas and plaintiffs below recovered a nominal victory in case 9363, in which they were the plaintiffs in error, by the reversal of the judgment; yet since he was substantially defeated and the intervenors were likewise, neither ought to recover of the other.    The Antero company, however, can recover from Lucas, his co-plain-

tiffs included, and the interevenors, jointly and severally, the amount which it has paid as noted below.

The items should be re-taxed in accordance with this opinion.

| | |
|---|---|
| Transcript of Record, | 469.80 |
| Clerk's certificate, | .60 |
| Printing Abstract of Record, | 1400.00 |
| Clerical costs prescribed by rule, | 20.00 |

$1890.40

It follows from what we have said concerning allowance of costs for bill of exceptions, that Lucas can be allowed nothing for what he has paid on account of that bill. We have no evidence as to what he has paid on account of the items above tabulated and cannot try questions of fact in regard thereto. We therefore modify our former order, and render judgment in favor of The Antero & Lost Park Reservoir Company against Lucas and the plaintiffs below and the intervenors for the above amount of costs; and if Lucas has any right or equity by reason of having paid any portion already, let him settle it with or recover of the Antero company.