No. 9875.

WEBBER, ET AL. *v.* PHISTER, ET AL.

Decided May 1, 1922.

On motion to retax costs.

*Motion Denied.*

1. EXECUTION—*Sale—Validity.* An execution, and sale thereunder, are valid to the extent of the amount properly awarded by the judgment.

2. COSTS—*Retaxation.* When there is no fraud or wrongful purpose or mistake of fact, one may not object further to a taxation of

costs against him after he has paid them, or received payment thereof.

Mr. JOHN A. RUSH, Mr. FOSTER CLINE, for plaintiffs in error.

Mr. F. T. JOHNSON, Mr. S. H. JOHNSON, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

MARCH 7, 1921, this court reversed the judgment of the lower court and rendered the usual judgment for costs, which were taxed by the clerk at $494.20 including the costs of the bill of exceptions, which were $232.20. August 5, 1921, execution was issued upon said judgment and levied on certain ditch stock, which was sold by the sheriff and purchased by the plaintiff in error, Blanche Webber, for $100.00, September 28, 1921. The balance of said costs has been paid by defendants in error.

December 5, 1921, in the case of *Antero Company v. Lowe,* 70 Colo. 467, 203 Pac. 265, and other cases we held that costs for bill of exceptions could not be recovered. Defendants in error now move to retax the said costs, to strike out said $232.20, to vacate the sale and to require Blanche Webber to return the stock and pay $132.20, the difference between the costs of the bill of exceptions and her bid for the stock.

We cannot grant the motion. The proper taxation would have been $494.20 less $232.20, that is, $262. The execution was valid to that amount. 23 C. J. 407. The sale was therefore valid; so we cannot set it aside. The balance, including the unlawful item of $232.20 was paid without objection. When there is no fraud or wrongful purpose or mistake of fact one may not object further to a taxation of costs against him after he has paid them (*Thompson v. Doty,* 72 Ind. 336. *Day v. Beach,* 1 How. Pr. 236), or received payment thereof. (*Schermerhorn v. Van Voast,* 5 How. Pr. 458.) Here the clerk and all the parties knew

all the facts but made a mistake of law, and the costs were paid under that mistake; the motion must therefore be denied.

We regret this conclusion the less because the taxation of the cost of the bill of exceptions is reasonable and just, and since the decision in the Antero case we have provided for it by rule. See Rule 50 as amended.

Motion denied.

MR. CHIEF JUSTICE SCOTT not participating.