No. 10,502.

WALLACE PLUMBING CO. *v.* DILLON, A SOLE TRADER UNDER THE NAME OF THE ELECTRICAL SUPPLY COMPANY.

Decided December 4, 1922.   Opinion modified March 5, 1923.

Action to recover compensation for labor and materials furnished.   Judgment for plaintiff.

*On Rehearing.*

*Reversed.*

*On Application for Supersedeas.*

1.   COSTS—*Several Trials.*   Where there is more than one trial of the same cause, the successful party is entitled to recover costs for all the trials.

2.  *In Trial and Appellate Courts—Set Off.* Where a judgment is reversed on review and the cause remanded for a new trial, the plaintiff in error is entitled to costs in the appellate court; and where the defendant in error thereafter prevails in the trial court, the costs in one court may be set off against those in the other.

*Error to the District Court of Fremont County, Hon. James L. Cooper, Judge.*

Mr. A. L. TAYLOR, for plaintiff in error.

Mr. E. H. STINEMEYER, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

DILLON, sole trader under the name of the Electrical Supply Company, brought suit against the Wallace Plumbing Company in the county court of Fremont county. The defendant pleaded that plaintiff had not filed with the Clerk and Recorder a sufficient affidavit showing the names of the members of his company, etc., as required by R. S. 1908, § 4778, C. L. 1921, § 2457. Judgment was for plaintiff, defendant appealed to the district court and was there again defeated. On writ of error from this court the judgment was reversed and a new trial granted on the question only of the filing of the affidavit. *Dillon v. Wallace Plumbing Co.,* 71 Colo. 224, 205 Pac. 950. Upon the new trial the plaintiff showed that he had filed a proper affidavit during the pendency of the suit and thereupon judgment was given for plaintiff with costs of all the trials. The court, moreover, denied defendant's motion to offset his judgment for costs in this court against the judgment for plaintiff in that court and the case is here on error. Both parties ask us to give a final decision on motion for supersedeas.

The plaintiff in error claims: 1. That the costs of the two first trials should not be charged to it, because, by the decision of this court, it was right in both. 2. That its costs in this court should have been allowed as a set-off against plaintiff's judgment.

Upon the first point: The case is controlled, we think, by R. S. 1908, § 1055, C. L. 1921, § 6571. The statute provides that the successful plaintiff "shall recover * * * his costs to be taxed." What costs? If not all, what part? The question is unanswerable. Then all. This is the argument of Sanborn J., upon consideration of the same statute, in *Shreve v. Cheesman,* 69 Fed. 785, 16 C. C. A. 413. We think it sound, and in the present case it is not unjust, because notwithstanding the fact that the plaintiff in error was right in his contention concerning the affidavit, yet this was a mere matter of abatement and the debt was an honest debt and should have been paid.

Upon the second point: The plaintiff in error, having been successful in this court, was and is entitled to execution here. Rule 50, R. S. 1908, § 1055, C. L. 1921, § 6571; *Antero Co. v. Lowe,* 70 Colo. 467, 203 Pac. 265. Upon remittitur it was and is entitled to execution from the district court. Code 1908, § 460. The defendant in error may, of course, have execution against it on his judgment in that court. The parties, then, each having against the other a right of execution in the same case out of the same court, what good reason can there be why the claims should not be set off one against the other? We can see none. Why should either be compelled to sue out execution upon a judgment which is in effect already paid?

The judgment is reversed with costs with directions upon remittitur to offset the judgments in this court against that in the court below.