No. 10,753.

GLAVINO v. THE PEOPLE.

Decided March 3, 1924.

Plaintiff in error pleaded guilty to the charge of unlawful possession of intoxicating liquor.

*Affirmed.*

1.  CRIMINAL LAW—*Special Prosecutor—County Court.* The county court has authority to appoint a special prosecutor under the provisions of §§ 5994, 5995, C. L. '21.

2.  *Procedure.* When criminal jurisdiction is conferred on courts by the legislature, the powers of criminal procedure are conferred with it.

3.  *County Courts—Procedure.* The contention, that the words "after the same are filed" found in § 5784, C. L. '21, limit the effect of the whole section so that no procedure of the district court is authorized in the county court until after the information has been filed, overruled.

4.  DISTRICT ATTORNEYS—*Special Prosecutor—When Appointed.* The district attorney is supposed to be always present in court, and if absent the court may appoint some fit person to perform his duties.

5.  CRIMINAL LAW—*Special Prosecutor—Officer De Facto.*  A special
    prosecutor, if ineligible because a member of the General Assem-
    bly at the time of his appointment, is nevertheless an officer
    *de facto.*

6.  COSTS—*Criminal Cases.*  Costs are a matter of statute, and not
    chargeable to a person convicted of a crime or misdemeanor
    not embraced in the chapter mentioned in § 7127, C. L. '21, or
    recognized as such at common law.
       A person convicted of unlawful possession of intoxicating
    liquor, is not liable for costs.

7.  *Retaxing.*  The question of retaxing costs held sufficiently pre-
    sented in a motion for new trial.

*Error to the County Court of Delta County, Hon. Frank M.
Goddard, Judge.*

Mr. W. H. BURNETT, for plaintiff in error.

Mr. RUSSELL W. FLEMING, Attorney General, Mr.
CHARLES ROACH, Deputy, Mr. HAROLD CLARK THOMPSON,
Assistant, for the people.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

GLAVINO pleaded guilty to the charge of unlawful pos-
session of intoxicating liquor.  He was sentenced to pay
a fine of $100 and costs, and to thirty days in jail.  He then
moved to set aside the sentence and dismiss the case for
want of jurisdiction and to remit the costs.  These motions
were denied and he brings error.

The question of jurisdiction is the vital one and all other
questions except the one of costs relate directly to it and
it depends on them.  It is claimed that the court had no
jurisdiction for the following reasons:   (1) That the in-
formation was filed by a special prosecutor who had no
authority, because (a) a county court has no authority to
appoint a special prosecutor.  (b) No reason existed for
his appointment.  (c) That he was ineligible under Colo-
rado Constitution, section 8, article V, because he was a
member of the General Assembly.  (2) That the record

does not show that witnesses were examined as to the aggravation or mitigation of the offense.

1.    The first question is:  Has the county court authority to appoint a special prosecutor?  We answer "yes." "If the district attorney be interested or shall have been employed as counsel in any case which it shall be his duty to prosecute or defend, the court having criminal jurisdiction may appoint some other person to prosecute or defend the cause."   C. L. 5994.

"If he be sick or absent, such court shall appoint some person to discharge the duties of the office until the proper officer resume the discharge of his duties."   C. L. 5995.

The county court has criminal jurisdiction, and therefore may appoint when the district attorney is interested, and must when he is absent.

Plaintiff in error urges that, since the county court had no criminal jurisdiction when these sections were enacted, it could not have been referred to in them, but we think that the Legislature, by the words "having criminal jurisdiction" meant having such jurisdiction at the time when the appointment should become necessary, and that when criminal jurisdiction is conferred all powers of criminal procedure are conferred with it.

Counsel cites C. L. § 5784, "All proceedings upon information in the county courts, after the same are filed, shall be the same as though such proceedings had been commenced in the district court.  In general, all laws in reference to proceedings and practice in original cases now in force in the district courts, shall also be in force in county courts, under the same circumstances," and says that the words "after the same are filed" limit the effect of the whole section so that no procedure of the district court is authorized in the county court until after the information has been filed.  This argument destroys the force of the last lines of the section.

2.    It is claimed there was no statutory cause for the appointment; that the record shows only the absence of the deputy district attorney and nothing as to the district

attorney himself; and that the affidavits on the motion to dismiss show that the *deputy* district attorney was in the district. We think "absent" means "absent from court." The purpose is to see to it that justice shall proceed. The district attorney is supposed to be always present when court is in session as the formal records show. If he is not, and action is required, the court appoints some fit person that justice may be done.

3. It is said that Hotchkiss, the appointee in this case, was ineligible because he was a member of the General Assembly. If ineligible, he was nevertheless an officer de facto. *Campbell v. People,* 55 Colo. 302, 310, 133 Pac. 1043.

4. Plaintiff in error claims that the record does not show that witnesses were examined before sentence as to aggravation or mitigation of the offense. But the judgment was amended to show that such examination took place.

5. The information was signed "Lee W. Burgess by Adair J. Hotchkiss, Special Deputy District Attorney." It is claimed that the special appointee had no authority to sign an information. The point has been sufficiently answered in item 1 above.

6. It is claimed that the trial court was in error in charging costs to the convict. We think the point well taken. Costs are a matter of statute. *Phillips v. Corbin,* 25 Colo. 567, 56 Pac. 180; *Antero Co. v. Lowe,* 70 Colo. 467, 469, 203 Pac. 265. The only statute touching the point is C. L. § 7127, providing for costs against the convict "of any crime or misdemeanor, in this chapter specified, or of any at common law." The section was a part of the criminal code of 1868. R. S. 1868, 244, § 219. Possession of intoxicating liquor is not a crime either by that act or by the common law, consequently no costs ought to have been charged against the plaintiff in error.

It is said there was no motion to retax, but the point was made in the motion for new trial and we think that sufficient although it was not a ground for new trial. The

important thing is that it was definitely brought to the attention of the court below.

We are not to be understood as holding that one who has pleaded guilty is entitled to raise all the questions we have considered.

The judgment is affirmed with directions to remit the costs.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.