The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Raymond SCOTT, Defendant–Appellant.

No. 03CA0641.

Colorado Court of Appeals, Division IV.

Dec. 30, 2004.

As Modified on Denial of Rehearing Feb. 3, 2005.

Certiorari Denied June 6, 2005.

Ken Salazar, Attorney General, Clemmie Parker Engle, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Ellen K. Eggleston, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge GRAHAM.

Defendant, Raymond Scott, appeals the trial court's order denying his motion for postconviction relief. We affirm.

Defendant pleaded guilty to first degree burglary, second degree burglary, and attempted sexual assault. Defendant then filed this postconviction motion in which he alleged that his convictions were invalid because the elected district attorney for the judicial district was not authorized to prosecute the offenses. More specifically, defendant alleged the district attorney had failed to file with the secretary of state an oath of office and public official's surety bond as

required by article XII, section 9, of the Colorado Constitution, and § 20–1–101, C.R.S.2004.

The prosecutor filed a response with documentation establishing that the elected district attorney had in fact executed an oath of office and obtained a surety bond. However, the response did not state whether these documents had been filed with the secretary of state.

The trial court denied defendant's motion without conducting an evidentiary hearing, concluding that the district attorney had complied with the oath and bond requirements of article XII, section 9, and § 20–1–101. Defendant then filed this appeal.

■ A motion under Crim. P. 35(c) may be denied without a hearing if the claims are without merit as a matter of law. *See People v. Hartkemeyer*, 843 P.2d 92, 93 (Colo.App. 1992).

■ Here, defendant's claim was without merit as a matter of law. Even if we assume, without deciding, that the district attorney failed timely to file the necessary paperwork with the secretary of state, we conclude that there was no permanent vacancy created thereby as defendant suggests.

Relying upon *People v. Quimby*, 152 Colo. 231, 381 P.2d 275 (1963), defendant argues that a district attorney, elected to office, has an inchoate or contingent right to the office that expires once the deadline to file his oath of office passes without the district attorney having filed an oath of office. We do not read *Quimby* as support for that proposition.

In *Quimby*, the court reasoned that a vacancy was created because a county commissioner's death prevented his qualification for the new term. An appointee to replace the decedent then vied for office against another appointee, who was selected after the new term began. Applying Colorado Constitution article XII, section 10 and article XIV, section 9, the court ruled that where a new term commences during the interval of a replacement's appointment, "the term of the appointee ends, and the one entitled to the new term has a right thereto; but if such one on the arrival of the term does not appear and qualify, though the reason thereof be death,

there is a vacancy in the office for the term." *People v. Quimby, supra*, 152 Colo. at 235, 381 P.2d at 277 (quoting *People ex rel. Callaway v. De Guelle*, 47 Colo. 13, 105 P. 1110 (1909)).

We do not read *Quimby* for the proposition that an official who is reelected to a term of office but who does not file an oath of office, on the date of the commencement of the new term, is thereby disqualified from curing the defect and that the office is permanently vacated. Here, defendant concedes that "a letter from the Secretary of State that was included as an attachment to defendant's motion appears to confirm that the District Attorney and his deputy had filed their oaths of office with the Secretary of State's office at some unspecified point in time." The District Attorney filed a response to which he attached his oath of office and a copy of his surety bond together with a risk manager's statement that the bond covered the District Attorney for the years 1999 and 2000. The trial court found that the "District Attorney" ... properly complied with the oath and bond requirements of C.R.S.A. § 20-1-101." Under these circumstances, where there is no rival claimant for the office, any defect in qualification was temporary and was cured. The district attorney did in fact "qualify," satisfying the requirements of article XII, section 9 and § 20-1-101. We note that in any event, even a temporary defect appears not to have occurred at any time in which the defendant was prosecuted.

■ There are two additional reasons for our determination that the district attorney had authority to prosecute defendant in this case. First, the district attorney was acting as a de facto officer. If one receives a majority of the legal votes cast, is declared by the proper canvassing board to be duly elected, is inducted into the office, and proceeds with the performance of the duties connected therewith until the disability is adjudged by a proper tribunal, he is a de facto officer, whose acts performed in the discharge of his official duties are valid and binding. *See Darrow v. People*, 8 Colo. 417, 8 P. 661 (1885); *see also Glavino v. People*,

75 Colo. 94, 224 P. 225 (1924)(holding that the defendant was not entitled to withdraw his guilty plea on the ground that the de facto deputy district attorney was ineligible for office); *People v. Montoya,* 44 Colo.App. 234, 616 P.2d 156 (1980)(no basis for reversal of conviction where prosecutor held office in de facto capacity).

■ Second, because an information filed by a de facto officer is valid, defendant's challenge to the district attorney's prosecutorial authority does not raise an issue of subject matter jurisdiction. Therefore, defendant waived his right to bring such a challenge by pleading guilty. *See Patton v. People,* 35 P.3d 124, 128 (Colo. 2001)(a voluntary guilty plea waives all nonjurisdictional claims other than double jeopardy challenges discernible from the face of the information); *People v. Joseph,* 920 P.2d 850, 854 (Colo.App.1995)("if an information is sufficient to state a charge and to assure fundamental fairness to a defendant, objections ... to the district attorney's authority to bring or prosecute a charge must be timely made or they will be deemed waived").

Accordingly, we uphold the trial court's denial of defendant's postconviction motion. *See People v. Eppens,* 979 P.2d 14, 22 (Colo. 1999)(a trial court's ruling may be upheld on any ground supported by the record, regardless of whether that ground was relied upon or even contemplated by the trial court).

The order is affirmed.

Judge KAPELKE and Judge RUSSEL concur.