Randy L. LESKE, Plaintiff–Appellant,

v.

Gary GOLDER, Warden of the Sterling Correctional Facility in Sterling Colorado, and Joseph Ortiz, Executive Director of the Colorado Department of Corrections, Defendants–Appellees.

No. 03CA1972.

Colorado Court of Appeals.
Division A.

May 5, 2005.

Rehearing Denied July 7, 2005.

Certiorari Denied Nov. 28, 2005.

Randy L. Leske, Pro Se.

John Suthers, Attorney General, Paul Koehler, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

NEY *, J.

Randy L. Leske (defendant) appeals the trial court order denying his motion for habeas corpus and postconviction relief. We dismiss the appeal in part and affirm the order.

Defendant was convicted in Denver District Court of sexual assault on a child, sexual assault on a child by one in a position of trust, and aggravated incest. Defendant's conviction and sentence were affirmed on direct appeal. *See People v. Leske,* 957 P.2d 1030 (Colo.1998)(*Leske I*). Defendant then applied for a writ of habeas corpus in federal district court, which was denied. The denial was affirmed by the Tenth Circuit Court of Appeals. *See Leske v. Soaras,* 185 F.3d 874 (10th Cir.1999) (unpublished disposition)(*Leske II*).

In 2000, defendant filed a Crim. P. 35(c) motion for postconviction relief that was denied by the trial court, and he did not appeal

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2004.

that order. In 2001, he filed what he termed an amended Crim. P. 35(c) motion, which was also denied. On appeal, a division of this court affirmed, determining that defendant's claims regarding the denial of his first motion were not reviewable and the claims in his second motion were successive. *See People v. Leske,* (Colo.App. No. 01CA1413, Aug. 29, 2002)(not published pursuant to C.A.R. 35(f))(*Leske III* ).

Defendant then filed a "petition to dismiss case on writ of habeas corpus ad-testificandum" in the district court in Logan County, where he was incarcerated, asserting that he was entitled to immediate release from prison. The trial court denied his motion.

## I.

■ We first address two preliminary matters. Although defendant contends in his reply brief that the People's answer brief should be stricken because it was not timely filed, this court is authorized by C.A.R. 26(b) to grant extensions of time for good cause shown. The People filed motions for extension that were granted by this court. Thus, defendant's request to strike the answer brief is denied.

■ Next, to the extent that defendant raises cognizable claims under the habeas corpus statute, *see* § 13–45–101, et seq., C.R.S.2004, we do not have jurisdiction to address them. *See* § 13–4–102(1)(e), C.R.S. 2004; *Duran v. Price,* 868 P.2d 375, 378 (Colo.1994)(the court of appeals does not have jurisdiction over writs of habeas corpus). Therefore, we dismiss that portion of his appeal.

## II.

Defendant also raises a number of contentions regarding suppression of certain evidence at trial, ineffective assistance of trial counsel, and the aggravation of his sentence. These claims are not habeas corpus claims, but instead are cognizable under Crim. P. 35(c). *See DePineda v. Price,* 915 P.2d 1278, 1280 (Colo.1996)(habeas corpus petition seeking relief available under Crim. P. 35 should be treated as a Crim. P. 35 motion; such claims include allegations that a conviction

and sentence are illegal and unconstitutional).

■ Crim. P. 35(c) motions must be filed in the court rendering the sentence because that court maintains the records relating to the conviction and sentence. *See Duran v. Price, supra.* Here, the trial court did not transfer venue of defendant's Crim. P. 35(c) claims to the Denver District Court because it concluded that they were time barred by § 16–5–402(1), C.R.S.2004. However, in the interest of judicial economy, we conclude that we may affirm the trial court's order on other procedural grounds. *See People v. Holmes,* 959 P.2d 406, 418 (Colo.1998)(a correct judgment may be affirmed based on reasoning different from that of the trial court).

■ As the division observed in *Leske III,* Crim. P. 35(c) motions are not intended to provide perpetual review of criminal convictions. *See People v. Rodriguez,* 914 P.2d 230, 249 (Colo.1996). A defendant is prohibited from using a proceeding under Crim. P. 35 to relitigate issues fully and finally resolved in an earlier appeal. *People v. Johnson,* 638 P.2d 61, 63 (Colo.1981).

■ Here, defendant's claims regarding his conviction and sentence have already been ruled on adversely to him in previous motions and appeals. Therefore, we will not consider them again. In regard to defendant's claim about his transfer to serve a portion of his sentence in a Texas prison, we observe that he raised this claim in federal court in *Leske II,* and it was properly rejected.

## III.

■ We also choose to address, in the interest of judicial economy, defendant's contention that the Denver District Court had no jurisdiction to prosecute him because the deputy district attorney who conducted his trial had failed to file an oath of office as required by Colo. Const. art. XII, § 9. We disagree.

Article XII, § 9 provides that district attorneys "shall file their oaths of office with the secretary of state; every other officer shall file his oath of office with the county

clerk of the county wherein he shall have been elected." However, § 20–1–201, C.R.S. 2004, allows a district attorney to appoint deputy district attorneys, who "shall file with the secretary of state the oath of office required by law to be filed by district attorneys." Section 20–1–201(3), C.R.S.2004.

Thus, contrary to defendant's argument, these provisions can be harmonized. Deputy district attorneys are not "every other officer" for purposes of article XII, § 9, because they are appointed, not elected. Thus, the statute provides that deputy district attorneys must file their oaths of office in the same way the district attorney does, that is, with the secretary of state.

In addition, § 20–1–201(3) provides that deputy district attorneys "may be required, as the district attorney shall direct, to file a like bond as that required to be filed by district attorneys." Because such bonds are discretionary, and defendant has failed to establish that the deputy district attorney who prosecuted him was required to file a bond, we reject his contention. *See People v. Scott*, 116 P.3d 1231, 2004 WL 3015795 (Colo. App. No. 03CA0641, Dec. 30, 2004).

Therefore, the appeal is dismissed in part, and the order is affirmed.

Chief Judge DAVIDSON and Judge TAUBMAN concur.