24CA0871 Peo v Rollie 01-23-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0871
City and County of Denver District Court No. 06CR10482
Honorable Alex C. Myers, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Michael Orlando Rollie,

Defendant-Appellant.

---

ORDER AFFIRMED

Division V
Opinion by JUDGE SCHOCK
Freyre and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 23, 2025

---

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Michael Orlando Rollie, Pro Se

¶ 1     Michael Orlando Rollie appeals the postconviction court's order denying his most recent Crim. P. 35(c) motion.  We affirm.

## I.     Background

¶ 2     A jury found Rollie guilty of one count of attempted first degree murder, three counts of attempted manslaughter, three counts of first degree assault, and one count of second degree assault.

¶ 3     The judgment was affirmed on direct appeal.  *See People v. Rollie*, (Colo. App. No. 08CA0391, July 26, 2012) (not published pursuant to C.A.R. 35(f)).  The mandate was issued in July 2013.

¶ 4     Over the next ten years, Rollie filed numerous postconviction motions, including a timely Crim. P. 35(c) motion in 2015 and other later motions construed as Crim. P. 35(c) motions.  The district court denied all those motions, several as untimely or successive.

¶ 5     Divisions of this court affirmed each of those orders that Rollie appealed.  *See People v. Rollie*, (Colo. App. No. 13CA2297, May 7, 2015) (not published pursuant to C.A.R. 35(f)); *People v. Rollie*, (Colo. App. No. 16CA1538, Sept. 20, 2018) (not published pursuant to C.A.R. 35(e)); *People v. Rollie*, (Colo. App. No. 20CA0435, Apr. 29, 2021) (not published pursuant to C.A.R. 35(e)) (*Rollie III*); *People v. Rollie*, (Colo. App. No. 23CA0154, Oct. 12, 2023) (not published

1

pursuant to C.A.R. 35(e)) (*Rollie IV*).  The division in *Rollie III* concluded that Rollie's claims were untimely and successive.  *See Rollie III*, slip op. at ¶¶ 13-23.  The division in *Rollie IV* similarly concluded that Rollie's claims — including a claim that he was actually innocent — were successive.  *Rollie IV*, slip op. at ¶¶ 15-18.

¶ 6    In 2024 — eleven years after the mandate in his direct appeal — Rollie filed the Rule 35(c) motion at issue, again asserting that he was actually innocent because he had acted in self-defense.  He asked the court to appoint postconviction counsel and hold an evidentiary hearing so he could present evidence in support of his claim.  He argued that the postconviction court should resolve his claim on the merits because it did not have jurisdiction when Rollie had raised the same claim in a 2020 motion.

¶ 7    The postconviction court denied Rollie's Crim. P. 35(c) motion, without appointing counsel or holding an evidentiary hearing, on the grounds that the motion was untimely and successive.

## II.    Analysis

¶ 8    We review de novo the denial of a Crim. P. 35(c) motion without a hearing, including whether the motion is successive or untimely.  *See People v. Cali*, 2020 CO 20, ¶ 14; *People v. Bonan*,

2014 COA 156, ¶¶ 16, 26.  A Crim. P. 35(c) motion may be denied without a hearing where the motion, files, and record clearly establish that the defendant's allegations are without merit and do not warrant relief.  *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).

¶ 9     We agree with the postconviction court that Rollie's motion was successive.  Rollie's claim that he is actually innocent and his allegation that the videos presented at trial were manipulated or otherwise insufficient have been repeatedly raised and resolved in prior appeals and postconviction proceedings.[1]  *See* Crim. P. 35(c)(3)(VI); *Leske v. Golder*, 124 P.3d 863, 865 (Colo. App. 2005) ("Crim. P. 35(c) motions are not intended to provide perpetual review of criminal convictions.").  To the extent Rollie's current claim differs from his prior ones, it could have been raised on direct appeal or in his timely Rule 35(c) motion.  *See* Crim. P. 35(c)(3)(VII).

¶ 10     Rollie has failed to show any exception to the successiveness bar under Crim. P. 35(c)(3)(VI) or (VII).  He does not, for example, allege that his claim is "based on evidence that could not have been

---

[1] Rollie challenges the postconviction court's jurisdiction to issue one of those rulings.  But that was just one of many times Rollie has raised these issues.  And in that particular instance, this court expressly authorized Rollie to raise the issue in his pending appeal.

discovered previously through the exercise of due diligence." Crim. P. 35(c)(3)(VI)(a), (VII)(b). To the contrary, his claim appears to rest in large part on his interpretation of evidence presented at trial.

¶ 11 We also agree with the postconviction court that Rollie's motion is time barred. Rollie's deadline for filing a Crim. P. 35(c) motion expired in July 2016 — three years after the mandate was issued in his direct appeal. *See* § 16-5-402(1), C.R.S. 2024. Rollie has not sufficiently alleged any exception to the statutory time limitation. *See* § 16-5-402(2). Although he challenges the jurisdiction of the *postconviction court* to issue one of its postconviction rulings, there is no question as to the trial court's subject matter jurisdiction over the offense. *See* § 16-5-402(2)(a).

¶ 12 Thus, because Rollie's Crim. P. 35(c) motion was successive and time barred, the court did not err by denying it without appointing counsel or holding an evidentiary hearing. *See* Crim. P. 35(c)(3)(IV); *People v. Zuniga,* 80 P.3d 965, 973 (Colo. App. 2003).

### III. Disposition

¶ 13 The order is affirmed.

JUDGE FREYRE and JUDGE SULLIVAN concur.