25CA0363 Peo v Stidham 03-26-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0363
El Paso County District Court No. 08CR1501
Honorable Samuel Evig, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Afrow Spade Stidham,

Defendant-Appellant.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE LUM
J. Jones and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 26, 2026

---

Philip J. Weiser, Attorney General, Brittany Limes Zehner, Senior Assistant
Attorney General and Assistant Solicitor General, Denver, Colorado, for
Plaintiff-Appellee

Afrow Spade Stidham, Pro Se

¶ 1    Defendant, Afrow Spade Stidham, appeals the postconviction court's denial of his Crim. P. 35(c) motion asserting that the trial court didn't have jurisdiction over his criminal case. We affirm.

I.    Procedural History

¶ 2    In 2009, Stidham was convicted of child sexual assault, adjudicated a habitual criminal, and sentenced to forty-eight years to life in the custody of the Department of Corrections. Stidham directly appealed his convictions and sentence, and after two remands, a division of this court ultimately affirmed. *People v. Stidham*, (Colo. App. No. 15CA0618, Feb. 8, 2018) (not published pursuant to C.A.R. 35(e)) (*Stidham I*). The final mandate from Stidham's direct appeals was issued in 2018. Other divisions of this court affirmed the denials of two postconviction motions in 2020 and 2022. *See People v. Stidham*, (Colo. App. No. 19CA1407, June 11, 2020) (not published pursuant to C.A.R. 35(e)) (*Stidham II*); *People v. Stidham*, (Colo. App. No. 22CA0780, Nov. 30, 2023) (not published pursuant to C.A.R. 35(e)) (*Stidham III*).

¶ 3    In 2024, Stidham filed his third postconviction motion, the denial of which underlies this appeal. In the motion, Stidham argued that his convictions are void and his sentence is illegal

1

because the court lacked subject matter jurisdiction based on the prosecutor's failure to file an oath of office and bond with the Colorado Secretary of State prior to filing the complaints.

¶ 4     Stidham had raised the oath-of-office issue in his first postconviction motion. A division of this court affirmed the postconviction court's denial and held, as relevant here, that Stidham's argument (1) didn't implicate the trial court's subject matter jurisdiction and (2) was successive because it could have been raised on direct appeal. *Stidham II*, slip op. at ¶ 30. Then, in Stidham's second postconviction motion, he reraised the issue of noncompliance with the oath and bond filing requirements by arguing that his appellate counsel provided ineffective assistance by failing to raise it. *See Stidham III*, slip op. at ¶ 49. On appeal, a division of this court declined to address the oath-of-office issue because it was argued in a conclusory fashion. *Id.* at ¶ 50.

¶ 5     In the order underlying this appeal, the postconviction court denied Stidham's motion for the following reasons:

- The oath-of-office claim was successive because it was previously raised and resolved in his first postconviction proceeding.

2

- The motion was time barred because Stidham filed it more than three years after the statutory deadline in section 16-5-402(1), C.R.S. 2025.

- The motion failed on the merits because sections 20-1-101 and 24-12-101, C.R.S. 2025, required only an elected district attorney to file an oath and bond.

## II.  Standard of Review and Applicable Law

¶ 6    We review a postconviction court's summary denial of a motion for postconviction relief de novo.  *People v. Nozolino*, 2023 COA 39, ¶ 7.  A postconviction motion may be denied without an evidentiary hearing when the motion, files, and record clearly establish that the defendant's allegations are without merit and don't warrant postconviction relief.  *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).

¶ 7    Subject to exceptions not relevant here, "claims for postconviction relief are subject to a three-year time limitation, which runs from the date a conviction is final.  A conviction is final on the date the defendant's direct appeal has been exhausted if an appeal is pursued . . . ."  *People v. Shepard*, 151 P.3d 580, 582 (Colo. App. 2006) (citations omitted); *see* § 16-5-402(1).

¶ 8    Additionally, a court must deny any postconviction claim that was "raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant" unless the claim is based on newly discovered evidence or on a new rule of constitutional law.  Crim. P. 35(c)(3)(VI).

### III.    Oath of Office

¶ 9    Stidham argues that his motion isn't successive under Crim. P. 35(c) and isn't time barred under section 16-5-402 because it raises subject matter jurisdiction, which, he asserts, excepts him from these procedural barriers.  We disagree.

¶ 10    Stidham filed his postconviction motion in 2024 — approximately three years late.  *See Hunsaker v. People*, 2021 CO 83, ¶ 36.  It's true that a postconviction claim asserting that the trial court lacked subject matter jurisdiction may be raised outside the three-year time limit.  § 16-5-402(2)(a).  However, Stidham's argument that the prosecutor hadn't appropriately filed his oath of

office doesn't implicate the trial court's subject matter jurisdiction. *See People v. Scott,* 116 P.3d 1231, 1232-33 (Colo. App. 2004).[1]

¶ 11    Furthermore, even if Stidham's claim did implicate the court's subject matter jurisdiction, the claim was previously raised and resolved in Stidham's first postconviction proceeding.  Thus, the only way the court could address his claim is if it was based on newly discovered evidence or on a new rule of constitutional law. *See* Crim. P. 35(c)(3)(VI).  Stidham doesn't raise any argument that his claim falls under either of those exceptions.[2]

## IV.    Habitual Criminal Convictions

¶ 12    Stidham also challenges his designation as a habitual criminal as unconstitutional under *Erlinger v. United States*, 602 U.S. 821 (2024).  However, we decline to address this issue because it isn't

---

[1] To the extent that Stidham argues that the three-year deadline to challenge a conviction does not apply to him because the postconviction court lacked personal jurisdiction, *see* § 16-5-402(2)(b), C.R.S. 2025, we decline to address the argument.  *See People v. Gingles*, 2014 COA 163, ¶ 29 (appellate courts will decline to address issues presented in a "cursory[] and undeveloped manner").

[2] To the extent Stidham contends that his motion is cognizable under Crim. P. 35(a), we disagree.  *See Johnson v. Gunter*, 852 P.2d 1263, 1265 n.5 (Colo. 1993) ("An allegation that a trial court was without . . . subject-matter jurisdiction is properly raised in a Crim. P. 35(c)" motion.).

5

preserved.[3] *See DePineda v. Price*, 915 P.2d 1278, 1280 (Colo. 1996) ("Issues not raised before the district court in a motion for postconviction relief will not be considered on appeal of the denial of that motion."); *People v. Huggins*, 2019 COA 116, ¶ 18 (noting that the preservation rule "applies to both constitutional and nonconstitutional arguments presented for the first time in an appeal of a ruling on a Crim. P. 35(c) motion").

V.    Disposition

¶ 13    The order is affirmed.

JUDGE J. JONES and JUDGE MEIRINK concur.

---

[3] We note that *Erlinger v. United States*, 602 U.S. 821 (2024), was decided on June 21, 2024 — approximately two weeks before Stidham filed the postconviction motion at issue in this appeal.